Case 3—PETITION EQUITY—January 11.

## Preston v. Preston, &c.

APPEAL FROM JOHNSON CIRCUIT COURT

1. TRESPASS—INJUNCTION.—To enter upon land forcibly, and against the consent of the person having the title and actual possession, and deface his land-marks or make new ones, is such a trespass as the chancellor will, by injunction, restrain.

2. CAVEAT.—A party in possession and claiming the title to land is not required to enter a caveat with the Register in order to prevent the issuing of a grant to another, but may commence his action for that purpose in a court of chancery, without resorting to the preliminary proceeding by caveat. The filing of a caveat in the Register's office is a proceeding provided for by the Civil Code, to prevent the emanation therefrom of a patent for vacant and unappropriated land, to a claimant who is not entitled thereto, where there is a controversy between conflicting claimants as to the right to a patent.

JAMES E. STEWART for appellant.

1. As the defendants were insolvent, the plaintiff had no other adequate and complete remedy, and therefore was entitled to an injunction. (Fraly v. Peters, 12 Bush, 469; Story's Equity, sections 620, 621 and 622.)

2. A bill will lie in favor of an elder patentee, to compel a release of a claim under a junior patent, and the same rule should apply to an entry. (Anderson v. Phillips, 5 Litt., 301.)

3. One holding the legal title and being in possession, may maintain a suit in chancery to quiet his possession, under the statute, or upon general principles of equity. (Beard v. Smith, 6 Mon., 505; Armitage v. Wickliffe, 12 B. M., 494; Dudley v. Trustees of Frankfort, 12 B. M., 612.)

4. Courts of equity will entertain jurisdiction to enjoin such illegal acts as will necessarily result in a cloud upon title. (Christie v. Hale, 46 Ill., 117; Pixly v. Huggins, 15 Cal., 127; Chipman v. City of Hartford, 21 Conn., 489; Martin v. Hewitt, 44 Ala., 418; Leslie v. St. Louis, 47 Mo., 474; Tucker v. Kinniston, 47 N. H., 267; Petit v. Shepherd, 5 Paige, 494.)

JOHN F. STEWART for appellees.

The appellant has a complete remedy at law—caveat—and the existence of this legal remedy excludes the right to resort to equity. (Patterson v. Trabue, 3 J. J. Mar., 599; Johnston v. Louisville, 11 Bush, 538; McCreery v. Lewis, 4 Bibb, 323; Blanchard v. Kenton, 4 Bibb, 451; Ferguson v. Bullock, 1 A. K. Mar., 72; Waggmer v. McKinney, 1 A. K. Mar., 480; Hillman v. Hurley, 6 Ky. Law Rep., 682; Moody v. McDowell, 2 A. K. Mar., 213)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action in equity, and in his petition states that he, and those under whom he claims, have been in the actual adverse possession of a tract of land over forty years, which, previous to the acts of appellees complained of, was entered, surveyed and patented; that recently appellee, Preston, without his knowledge, made an entry of ——— acres within his boundary and inclosure, and he and appellee, Fields, who is county surveyor, and, as is averred, knows the land described in the entry is not vacant and unappropriated, have fraudulently colluded, both being insolvent, to get the title and possession of appellant's land, and against his objection have gone inside his inclosure and surveyed the land described in the entry by running old and making new lines and corners inside his boundary, and will, unless enjoined, proceed to carry said survey into grant. He says that appellee Preston is setting up claim to his land, and by his acts has disturbed him in the use and enjoyment of it, lessened its vendible value, and cast a cloud upon his title. He therefore prays the judgment of the court enjoining appellees entering on or surveying land inside his boundary, or depositing the plat and certificate of such survey in the Register's office for the purpose of carrying it into grant, and that he be quieted in the title and possession of his land. To the petition both a general demurrer and a demurrer to the jurisdiction of the court were filed. By the judgment the demurrer was sustained, but whether because the petition does not state facts sufficient to constitute a cause of action, or upon the ground set out in the special

demurrer that the remedy is by a caveat filed in the Register's office, does not appear.

It seems to us that not only do the facts stated, which must be taken as true, constitute a cause of action, but make this a case clearly within the jurisdiction of a court of chancery, and that the remedy sought cannot be amply afforded elsewhere.

To enter upon land forcibly and against the consent of the person having the title and actual possession, and deface his land-marks, or make new ones, is as much a trespass as to cut and carry away his timber. This court has more than once held, the latest case being Hillman by &c. v. Hurley, &c., 82 Ky., 626, that an injunction will lie to restrain a defendant from continuing to trespass on land by cutting and carrying away timber, when the plaintiff is the owner and in the actual possession and the defendant is insolvent, or other circumstance exists, whereby complete remedy cannot be had in action at law. There is equal reason for restraining the commission of trespass by marking lines and corners upon land already appropriated, whereby a confusion of the boundary may be produced. And if such survey has already been made, a court of equity certainly has jurisdiction to enjoin the surveyor from making out and recording a plat and certificate, and the defendant from depositing a copy thereof in the Register's office, with a view to carry the survey into grant. For not only do such acts disturb the owner in the possession of his land, but they cast a cloud upon his title and consequently lessen the vendible value.

The filing a caveat in the Register's office is a pro-

ceeding provided for by the Civil Code to prevent the emanation therefrom of a patent for vacant and unappropriated land to a claimant who is not entitled thereto by reason of a prior entry and survey by another, or for some other reason. But the questions involved have at last to be tried and determined in the circuit court, where a copy of the caveat, certified by the Register, is required to be lodged, and we do not think a party in possession and claiming title to land already appropriated is required by the Civil Code to enter a caveat with the Register in order to prevent the issuing of a grant to another, but may commence his action for that purpose in a court of chancery without resorting to the preliminary proceeding by caveat. In section 473 it is provided that the caveat shall state the plaintiff's claim, and the reasons why the grant should not issue. And "it shall be verified by his affidavit, or by that of his agent, and declare that it is entered in good faith, *with the intention of procuring the land for the plaintiff*, and not for the benefit of the person against whom it is entered." Manifestly that section was not intended to apply in a case where land has been already appropriated, but only where there is a controversy between conflicting claimants as to the right to a patent for land which may be vacant and subject to appropriation. For the owner of land, the title to which the Commonwealth has already been divested of, could not make an affidavit that he files a caveat with the view to procure the land for himself.

In our opinion the court had jurisdiction of this case, and upon the facts stated in the petition he is

entitled to the relief asked; and the court erred in sustaining the demurrer. Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.