CASE 21—CAVEAT—JANUARY 17.

## Alexander, &c., v. Noland.

APPEAL FROM ESTILL CIRCUIT COURT.

1. CAVEAT—PRACTICE.—The filing of a caveat with the Register of the Land Office is to prevent that officer from issuing a patent for vacant and unappropriated land; and as the plaintiffs in this case rely upon a patent issued by the Commonwealth as the foundation of their title to the land in controversy, the land was not vacant or unappropriated, and, therefore, they had no right to enter a caveat, and the circuit court no jurisdiction to try it, and the proceeding on it should have been dismissed. But the case having been tried by a jury who found for the defendant, this court would, ordinarily, affirm the judgment, the plaintiffs having gained nothing by the proceeding, but as the verdict may hereafter embarrass the rights of the plaintiffs, this court will take hold of an error of the court in instructing the jury, for the purpose of reversing the judgment and directing the circuit court to dismiss the case without prejudice, the plaintiffs (appellants) to pay the costs in this court and the costs of dismissal.

2. SAME—INSTRUCTIONS.—The court, in instructing the jury, required them to believe that the land in controversy was set out and described in appellants' caveat. The caveat, in attempting to give the boundary of the land as set forth in the patent, described one of the lines as running "S. 50, E. 170 poles," when it should have been. in order to correspond with the patent, "S. 50, W. 170 poles." *Held*—That it is probable the jury understood the instruction to mean that the caveat

should correctly describe the land, and if it failed to do so the appellants could not recover; therefore the instruction was erroneous. The description given in the patent and deeds should have controlled the court in giving instructions.

RIDDELL & FLUTY FOR APPELLANTS.

An instruction is erroneous that requires the jury to look to the pleadings to ascertain facts as proved or admitted. (Tipton v. Triplett, 1 Met., 570; Alland v. Smith, 2 Met., 297; Mickey v. Commonwealth, 9 Bush, 595.)

JOHN BENNETT, H. C. & W. H. LILLY AND J. B. WHITE FOR APPELLEE.

To allow an amendment to a pleading when in the furtherance of justice and a correct determination of the rights of the parties, is within the discretion of the trial court, and not a reversible error. (Greer v. City of Covington, 83 Ky., 410.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants in August, 1883, entered a caveat with the Register of the Land Office, to prevent the issuing of a patent to the appellee for seventy acres of land lying in Estill county, Ky. A copy of the caveat certified by the Register, was, within sixty days from the time it was entered, lodged with the clerk of the Estill Circuit Court, and the appellee having been duly served with summons, filed his answer controverting the appellants' right to the said land. Section 473, of the Civil Code, under which the proceedings were had, provides: "If any person obtain a survey of land to which another claims a better right, such other may enter a caveat with the Register to prevent the issuing of a grant until the right be determined. The caveat shall state the plaintiff's claim and the reason why the grant should not issue. It shall be verified by his affidavit, or by that of his agent, and declare that it is entered in good faith, with the intention of procuring

the land for the plaintiff, and not for the benefit of the person against whom it is entered."

The filing of a caveat with the Register of the Land Office is to prevent that officer from issuing a patent for vacant and unappropriated land to a claimant who is not entitled thereto by reason of a prior entry and survey by another, or by reason of some other fact that gives him a prior right to a grant from the Commonwealth.

That the foregoing is the correct construction of the section, *supra*, is made manifest by the fact that it must appear from the affidavit that the caveat "is entered in good faith, with the intention of procuring the land for the plaintiff." If, at the time of entering the caveat, he has a patent for the land, he can not make the affidavit that the caveat is entered with the intention of procuring the land for himself, for the patent, presumably, invests him with all the Commonwealth's title to the land. Preston v. Preston, &c., &c., 85 Ky., 16. The appellants rely upon a patent issued by the Commonwealth to Shirley's heirs as the foundation of their title to the land in controversy. This being true, the land was not vacant or. unappro priated, therefore, the appellants had no right to enter the caveat, and the circuit court had no jurisdiction to try it, and the proceeding on it should have been dismissed.

The case, however, was tried by a jury who found for the appellee. The court, in instruction No. 1, required the jury to believe that the land in controversy was set out and described in the appellants' caveat. The caveat, in attempting to give the boundary of the

land as set forth in the patent, described one of the lines as running " S. 50, E. 170 poles," when the description should have been, in order to correspond with that given in the patent, "S. 50, W. 170 poles." It is probable that the jury understood the instruction to mean that the caveat should correctly describe the land, and if it failed to do so, the appellants could not recover. The patent and the deeds under which the appellants claimed, all gave the same description of the land, and they were put in evidence before the jury; and the description therein should have controlled the court in giving the instructions instead of the description contained in the caveat, as it is manifest that the misdescription was the result of a slip of the pen.

Ordinarily, as the circuit court had no jurisdiction of the caveat, and as the appellants gained nothing by the proceedings, we would affirm the judgment, but, as the jury, influenced, doubtless, by an erroneous instruction, have returned a verdict against the appellants, which may hereafter embarrass their rights, we will take hold of the error of the court in instructing, the jury, for the purpose of reversing the judgment and directing the circuit court to dismiss the case without prejudice; but the appellants must pay the costs in this court and the costs of dismissal.

The judgment is reversed at the cost of the appellants, and the circuit court is directed to dismiss the case without prejudice at the cost of the appellants.