CASE 65.—SUIT BY NEW ERA LAND COMPANY AGAINST G.
    W. DANIEL.—March 9, 1910.

# Daniel v. New Era Land Co.

R. L. Stout, Judge.

Appeal from Franklin Circuit Court.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Venue—Action Against Officers—Public Lands.—Under Civ.
   Code Prac. section 63, providing that an action against a
   public officer for an act done by him in virtue or under color
   of his office must be brought in the county where the cause
   of action arose, an action against the State Auditor to re-
   strain the issue of a patent which it is alleged he was with-
   out authority to issue is properly brought in the county
   where the auditor keeps his office from which the patent was
   to be issued.

2. Public Lands—Conflicting Claimants—Right to Sue in Court.
   —Under Civ. Code Prac. section 473, providing that, if any
   person obtain a survey of land to which another claims a
   better right, such other may enter a caveat with the register
   to prevent the issuing of a grant until the right be determined,
   and providing that the register shall ultimately file a copy
   of the caveat in the circuit court, etc., a party in possession
   and claiming title to land, already appropriated, is not re-
   quired to follow the section before bringing suit in the cir-
   cuit court to enjoin the issuing of a grant, as the section
   applies only to conflicting claimants to vacant land.

3. Public Lands—Description in Patent—Reference to Survey.—
   Where a survey and plat contained 20 calls and the patent
   issued thereon by mistake omitted calls 9, 10, and 16, with
   the result that the calls did not close, reference may be
   had to the survey and plat to cure the error.

4. Public Lands—Mistake in Patent—Reference to Survey—
   Bona Fide Purchaser.—Where a survey and plat contains 20
   calls and the patent issued thereon is for 100 acres of land,
   and refers to the survey and plat, but by mistake omits calls

9, 10, and 16, with the result that the calls do not close, and that if the last call for course and distance be disregarded, and a line running to the beginning, the patent would call for over 600 acres, a bona fide purchaser of the original patentee cannot claim that he has title to the 600 acres, since he bought with notice that the patent referred to the survey which could be looked to to correct the error

5. Dismissal and Nonsuit—Dismissal Without Prejudice—Enjoining Issuance of Patent—Relief Granted.—Civ. Code Prac. section 63, provides, in an action against a public officer for an action by him, by virtue of his office that it must be brought in the county where the cause of action arose. Section 62 provides that an action to quiet title to land under Ky. St. section 11, or to recover the land, should be brought in the county where the land or some part of it lies. A suit was properly brought under section 63 against an applicant for a patent and the State Auditor to enjoin the Auditor from issuing a patent to the applicant because it had been previously appropriated. Plaintiff based his claim on a patent, which, when referred to the survey and plat, showed that no part of the land surveyed by the applicant was covered by a prior survey or patent. Plaintiff claimed that he held adverse possession to a portion of the land by virtue of a prior deed. Held, that title to the land would not be litigated in the suit as brought, but the suit would be dismissed without prejudice to a suit betwen the applicant and plaintiff brought in the proper county under section 62, if a patent were issued to the applicant.

JOHN C. EVERSOLE and LESLIE W. MORRIS for appellant.

N. A. RICHARDSON and DODD & DODD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On August 7, 1907, G. W. Daniel obtained in the Owsley county court a land warrant for 100 acres of land. He had the land surveyed on November 11th, and on December 14th he filed copy of the survey with F. P. James, Auditor of Public Accounts, and applied for a patent. Before the patent was issued, this suit was brought by the New Era Land Com-

pany against Daniel and James, as Auditor, enjoining James from issuing the patent to Daniel. It was alleged in the petition that no part of the land so surveyed by Daniel was vacant or unappropriated; that the land was embraced in a patent issued to William Burns on April 13, 1824; that the heirs of William Burns on May 4, 1889, had conveyed to William Sparks a certain boundary of land, and that Sparks on June 11, 1889, had conveyed it to the New Era Land Company, who had entered upon the land and held it by adverse possession from that time to the bringing of the suit; and that this boundary included the land embraced in Daniel's survey. An answer was filed controverting the allegations of the petition, proof was taken, and, on final hearing, the circuit court perpetuated the injunction which had been granted at the institution of the action. From this judgment the defendants appeal.·

The first question made on the appeal is that the Franklin circuit court was without jurisdiction as the land lay in Owsley county; and this question was presented to the circuit court by a special demurrer filed to the petition. By section 11, Ky. St. (Russell's St. sec. 14), a petition in equity may be maintained by the person having both the legal title and possession of the land in the circuit court of the county where the land lies against any other person setting up claim thereto. But this action was not brought under that section. · This is an action brought against the Auditor at the seat of government to restrain the Auditor from issuing a patent which it is alleged he is without authority to issue. By section 63 of the Civil Code of Practice an action against· a public · officer for an action done by him in virtue or under color of his office or for neglect of official duty must

be brought in the county where the cause of action arose. As the patent was about to be issued in Franklin county where the Auditor keeps his office, the cause of action to restrain the issuing of the patent was properly brought here. Section 473 of the Civil Code of Practice, among other things, provides: "If any person obtain a survey of land to which another claims a better right, such other may enter a caveat with the register to prevent the issuing of a grant until the right be determined. The caveat shall state the plaintiff's claim and the reasons why the grant should not issue. It shall be verified by his affidavit, or by that of his agent, and declare that it is entered in good faith, with the intention of procuring the land for the plaintiff, and not for the benefit of the person against whom it is entered." Construing this section in Preston v. Preston, 85 Ky. 18, 2 S. W. 501, 502, 8 Ky. Law Rep. 633, the court said: "The filing a caveat in the register's office is a proceeding provided for by the Civil Code to prevent the emanation therefrom of a patent for vacant and unappropriated land to a claimant who is not entitled thereto by reason of a prior entry and survey by another, or for some other reason. But the questions involved have at last to be tried and determined in the circuit court, where a copy of the caveat, certified by the register, is required to be lodged, and we do not think a party in possession and claiming title to land already appropriated is required by the Civil Code to enter a caveat with the register in order to prevent the issuing of a grant for that purpose in a court of chancery without resorting to the preliminary proceeding by caveat. In section 473 it is provided that the caveat shall state the plaintiff's claim, and the reasons why the grant

should not issue. And 'it shall be verified by his affidavit, or by that of his agent, and declare that it is entered in good faith, with the intention of procuring the land for the plaintiff, and not for the benefit of the person against whom it is entered.' Manifestly that section was not intended to apply in a case where land has been already appropriated, but only where there is a controversy between conflicting claimants as to the right to a patent for land which may be vacant and subject to appropriation; for the owner of land, the title to which the commonwealth has already been divested of, could not make an affidavit that he files a caveat with the view to procure the land for himself." This decision was followed in Alexander v. Nolan, 88 Ky. 142, 10 S. W. 423. In the first of these cases the suit to obtain an injunction was brought in the county where the land lay. But in Uhl v. Reynolds Register, 64 S. W. 498, 23 Ky. Law Rep. 759, and Asher v. Uhl, 122 Ky. 137, 87 S. W. 307, 93 S. W. 29, 27 Ky. Law Rep. 938, 29 Ky. Law Rep. 396, the suit was brought in the Franklin circuit court. Section 4704, Ky. St., among other things provides: "None but vacant land shall be subject to appropriation under this chapter. Every entry, survey, or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed or patented." Under this section the patent if issued to Daniel would be void as to any land previously entered, surveyed, or patented. If the plaintiff is the owner of the land under a patent already issued, it may restrain the issuing of a void patent to Daniel for its land. The first question therefore arising in the case is: Does the Burns patent include the land?

The facts as to this matter are these: The survey
on which the patent was issued was made on Septem-
ber 17, 1822, and contains 20 calls. The plat accom-
panying the survey shows that it includes 100 acres
of land lying on both sides of Buffalo creek in a long
strip included by parallel lines. In issuing the pat-
ent, however, by an error of the copyist in writing
out the calls the ninth, tenth, and sixteenth calls of
the survey were omitted. The result is that, if the
land is run out according to the calls of the patent,
it does not include part of the land that was in fact
included in the survey, and the calls of the patent do
not close. If the course and distance of the last line
of the patent is disregarded, and that line is run to
the beginning corner so as to close the patent, the
patent will include not 100 acres, but over 600 acres.
The situation is shown roughly in the following map:

The lines indicated by the figures 1, 2, 3, 4, 5, 6, 7, 8,
9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, indicate the

lines of the survey and accompanying plat. The
lines 1, 2, 3, 4, 5, 6, 7, 8, 9, 12°, 13°, 14°, 15°, 16°, 18°,
19°, 20°, indicate the lines as called for in the patent.

The question arises may we look to the original
survey and plat in determining the proper boundary
of the land embraced in the patent? In Steele v.
Taylor, 3 A. K. Marsh. 225, 13 Am. Dec. 151, the
court said: "The survey is matter of record of equal
dignity with the patent itself, is referred to by the
patent, and is the only source from which the descrip-
tion of the boundaries contained in the patent was
originally taken." Again, in Bruce v. Taylor, 2 J.
J. Marsh. 160, the court said: "The survey is the
foundation of the patent. It is of record, and in that
respect equal in dignity to the patent. It does not
contradict, but only renders fixed and certain some
of the calls of the patent. The survey may be used
to aid in supplying omissions or in correcting mis-
takes in patents." So in Mercer v. Bate, 4 J. J.
Marsh. 334, the court said: "The original plat is not
only admissible as evidence, but it is intrinsically one
of the most potent facts which can be adduced, and
hence it has often been admitted by the court as al-
ways either preponderating or alone conclusive."
The principles announced in these opinions were fol-
lowed in Patrick v. Spradlin, 42 S. W. 919, 19 Ky.
Law Rep. 1038, Bell Co. Land Co. v. Hendrickson, 68
S. W. 842, 24 Ky. Law Rep. 371, and Hogg v. Lusk,
120 Ky. 419, 86 S. W. 1128, 27 Ky. Law Rep. 840.
The error here may be shown, not only from the sur-
vey or plat, but by reversing the calls of the patent.
When the calls of the patent are run in each direc-
tion from the beginning corner, the mistake at once
appears; and one call of a patent is of as much dig-
nity as another. Creech v. Johnson, 116 Ky. 441, 76

S. W. 185, 25 Ky. Law Rep. 657.  It necessarily follows from these principles that the Burns patent includes only the land embraced in the calls of the original survey and plat, and this survey embraces no part of the land entered by Daniel.  It is insisted, however, for the New Era Land Company that it is a bona fide purchaser, and that it had a right to presume that the calls of the patent were correct, ·and is therefore entitled to the land embraced in the calls of the patent, and that the patent must be closed by disregarding course and distance and running to the beginning corner.  But the patent on its face showed that it was issued under a certain survey, and he who bought under the patent must take notice of the survey which was the foundation of the patent.  The patent only calls for 100 acres; and, when, to close the patent, the closing line must be extended ten times its length, and the patent is thus made to include six times as much land as the patent calls for, he was required to know under the rules long settled in the state that the survey might be considered to correct a mistake in the patent, and there was enough to put any one on notice, aside from the rule that a purchaser must take notice of ·a record which is referred to in the record under which he buys.

There is no effort to show that the land surveyed by Daniel is embraced in any other survey or patent; and so there is no reason for enjoining the issuing of the patent to him on the ground that the land has been heretofore entered, surveyed, or patented. The plaintiff introduced proof tending to show that it had taken possession of the land purchased from Sparks at the time of the purchase, and has since held it in. adverse possession; but, as shown by the

record, the deed from Sparks to the plaintiff includes only a part of the land surveyed by Daniel. So far as Daniel's survey is outside of the Sparks deed, the plaintiffs have shown no title to it; and to this extent at least, its petition should have been dismissed. An action to quiet title to land under section 11, Ky. St. or to recover the land, should be brought in the county where the land or some part of it lies. Civ. Code Prac. sec. 62. If the land has not been entered, surveyed, or patented, the Auditor has authority to issue a patent for it, and the question of title can be litigated between Daniel and the plaintiff in the circuit court of the county where the land lies. The state cannot be sued without its consent. The Auditor should not be liable to an action when he is acting within his authority. Our statutes do not contemplate that the title to land shall be litigated at the seat of government in actions by the claimants against the Auditor. The proofs as to adverse possession can be better made in the county where the land lies, and the officers of the state should not be interrupted in the discharge of their duties by injunctions, based on the ground that the land proposed to be patented is in the adverse possession of others, who have thus acquired title to it. The officers of the state can have no means of knowing what land has been held in adverse possession, and they should not be subjected to the onus of defending suits of this character. The patentee who takes the patent takes the risk. The matter may be litigated in the county where the land lies between him and the adverse claimants. We have not been referred to any case in which jurisdiction has been taken in Franklin county on this ground, and the absence of any precedent on the subject in the entire history of the com-

monwealth is potent ground for refusing to make one now. The dismissal of this action will have no effect on a suit between the New Era Land Company and Daniel, if he obtains a patent for the land.

Judgment reversed and cause remanded, with directions to dismiss the petition.