## Burchett v. Roop.

(Decided November 26, 1926.)

### Appeal from Pike Circuit Court.

1. Public Lands—Circuit Court Held Without Jurisdiction of "Caveat" Proceeding, where Caveator Claimed Title Under Existing Patents (Civil Code of Practice, Section 473).—Circuit court held without jurisdiction of caveat proceeding brought under Civil Code of Practice, section 473, where "caveat," which is notice not to do an act, given to officer by party having interest in matter, showed on face that caveator claimed title under existing patents, since land was therefore not vacant and unappropriated.

2. Judgment—Allegation that Caveat Proceeding by Plaintiff's Remote Grantor was Dismissed from Records of Circuit Court Held Insufficient as Plea in Bar in Suit for Trespass, in which Plaintiff Asserted Title to Land.—Allegation that caveat proceeding by plaintiff's remote grantor was dismissed from records of circuit court held insufficient as plea in bar in suit for trespass, in which plaintiff asserted title to land, especially where court should have dismissed proceeding for want of jurisdiction, since such allegation does not allege judgment on merits in caveat proceeding.

3. Public Lands—Title of Plaintiff Claiming Under Patent Issued to Remote Vendor Held Superior to that of Defendant Claiming Under Subsequent Patent.—Title of plaintiff, which he traced to Commonwealth, and patent issued to remote vendor in 1823, held superior to that of defendant, claiming under patent issued to vendor in 1916, after dismissal of caveat proceeding, and 27 years after vendor caused surveys to be made.

STRATTON & STEPHENSON for appellant.

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In September, 1922, appellee filed his claim in the Pike quarterly court against appellant for $25.00 because of appellant's alleged trespass upon plaintiff's lands.

Appellant answered denying the trespass, asserting title in a described tract of land embracing, or claimed by him to embrace, the land alleged by plaintiff to have been trespassed upon, and asserting a cause of action for trespass thereon against the plaintiff by way of counter-claim.

This counterclaim having raised the question of title, the cause was transferred to the Pike circuit court, and there the issues were completed, the evidence taken and a judgment entered adjudging the plaintiff to be the owner of the small tract of land in question, and the defendant has appealed.

The plaintiff after the transfer filed an amendment asserting title in himself to a described tract of land, while defendant filed an amended answer and counter-claim alleging that plaintiff claimed title through one Calvin Clark, his remote vendor, while defendant claimed title under one Bevins. He then alleges that in October, 1889, surveys were made by his vendor Bevins for the purpose of obtaining a patent upon a tract of land embracing that in controversy, and that such patents were issued to Bevins in September, 1916. He further alleges that in July, 1890, before the said patents had been issued, and after the surveys were made, Calvin Clark, plaintiff's remote vendor, caused to be filed with the register of the land office of Kentucky a caveat for the purpose of preventing the issual of the patent or patents to Bevins, defendant's remote vendor,; and that said Clark caused a copy of such caveat to be filed in the Pike circuit court, but "did not prosecute said caveat with effect, and that said caveat proceedings were dismissed from the records of the Pike circuit court." With his pleading he files a copy of the caveat, and alleges that the land described therein included the lands described in the plaintiff's petition, and then alleges "that the proceedings had in said action was an adjudication of the rights of the plaintiff's remote vendor as to the title to the land described therein which is a bar to plaintiff's prosecuting this action; that the proceedings had therein are res judicata to this action; that said caveat and the proceedings had in this court are hereby pleaded in bar of the said T. J. Roop prosecuting this action."

A caveat is a notice not to do an act, given to some officer, ministerial or judicial, by a party having an in-

terest in the matter. Bouvier's Law Dictionary, vol. 1, p. 291.

Section 473 of our Civil Code, having special refer-ence to the issual by the state of grants or patents to vacant or unappropriated lands, provides that where one has a survey of land to which another claims a better right, such other may enter a caveat with the proper au-thorities to prevent the issuing of a grant on the survey until the right be determined. It provides that upon the filing of a copy of the caveat within sixty days from its entry, with the clerk of the circuit court of the county where the land lies, it shall be treated as a petition in an ordinary action, and that no grant shall issue to the land in contest to the plaintiff or another for his use, until the caveat be dismissed or decided, and then provides, ''If the plaintiff do not prosecute his caveat as herein re-quired, or if the same be dismissed or decided against him, neither he nor any other for his use shall have an-other caveat against the same grant.''

There was no demurrer filed to the defendant's amended answer and counterclaim relying upon the caveat proceeding as a bar to this action, nor was there an objection to the filing of this pleading, although the record discloses that the plaintiff excepted to the action of the court in permitting it to be filed, and the court, with the allegations of this pleading undenied, entered a judgment for the plaintiff.

Obviously the action of the court in dismissing the caveat proceeding was proper, because the court had no jurisdiction to try the issues if any were made, the caveat showing on its face that Clark, the caveator, claimed title to the land in controversy under existing patents cover-ing the lands sought to be patented by his adversary. The land, therefore, was not vacant and unappropriated land, and the circuit court had no jurisdiction to try the proceeding. Preston v. Preston, 85 Ky. 16; Alexander v. Nolan, 88 Ky. 142; Daniel v. New Era Land Company, 137 Ky. 535.

But even if the court had jurisdiction of the caveat proceeding, the pleading herein undertaking to rely upon that proceeding was insufficient as a plea in bar. The pleader contents himself with filing as a part thereof the caveat itself, and no other part of the record in that pro-ceeding and wholly fails to allege that any issues were made in the circuit court between them, or that any final or other judgment determining the rights of the parties

was entered in that proceeding. The allegation is only that the caveat proceeding was dismissed "from the records of the Pike circuit court," and construing the pleading most strongly against the pleader that will not be deemed an allegation that there was a judgment on the merits which operates as a bar, and especially when we have seen that the court should have dismissed the proceeding for the want of jurisdiction, which of course is not a bar.

The plaintiff in this action traced his title back to the Commonwealth and to a patent issued to his remote vendor in 1823, while defendant claims under a patent issued to his vendor Bevins in the year 1916 after the dismissal of the caveat proceeding, and 27 years after his vendor had caused the surveys to be made. The evidence convincingly shows that the patent under which the plaintiff claims embraces the land in controversy, and therefore if the land was embraced in the Bevins patent, that patent to the extent of the interference was void.

The allegations of the amended answer and counterclaim relying upon the caveat proceeding as a bar being insufficient, the lower court properly ignored the pleading and entered a judgment for the plaintiff on the merits.

Judgment affirmed.