Case 53.—ACTION BY JOHN W. LUSK AGAINST GIDEON HOGG, INVOLVING THE LOCATION OF A BOUNDARY LINE OF A TRACT OF LAND.—April 28.

## Hogg v. Lusk.

Appeal from Letcher Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

Land — Boundary — Conflicting Surveys—How Corrected—Where there are erroneous calls and an omitted line in a survey of land, they should be corrected by the plat, and the patent established. In ascertaining a boundary of a tract of land where there is an apparent lap of an adjoining tract, they should be corrected by the original plat, and patent established, that the intention of the parties in making the survey may be effectuated; and the mere mistakes of the officer in transcribing the field notes should not be allowed to frustrate this intention if there is evidence by which they may correct it.

W. F. HALL, JOHN BAKER, R. L. GREENE and IRA FIELDS for appellant.

Our contention is that the original plat is the highest character of evidence that can be used to show that a line has been omitted from a patent, or to correct any other that may be apparent in the face of the patent; and when a patent shows its own failure to close, the court will then look to the best evidence obtainable to effectually and properly close it, that the vested and inherent rights of the parties claiming under the patent may be respected and upheld.

### AUTHORITIES CITED.

4 Am. & Eng. Ency. of Law, 2 Ed., secs. 13, 14; Mercer, &c. v. Bate, &c., 4 J. J. Mar., 339; Alexander v. Lively, 5 Mon., 160; Steel v. Taylor, 3 A. K. Mar., 225; Baxter v. Everetts, 7 Mon., 333; Bruce v. Taylor, 2 J. J. Mar., 161; Cornett v. Dixon, 11 Ky. Law Rep., 315; Hendrickson, &c. v. Boreing, &c., 17 Ky. Law Rep., 737; Patrick v. Spradlin, 19 Ky. Law Rep., 1038; Simpkins' Adm'r v. Wells, 16 Ky. Law Rep., 113.

E. E. HOGG for appellee.

1. Counsel for appellant lays down the rule that the original plat is intrinsically one of the most potent facts which can be adduced and should preponderate or alone be conclusive.

My position is that a plat may correct the patent and show the location of the land provided there is other evidence to corroborate it; but alone and without the topography of the ground, some natural or artificial object or lines of the patent when reversed to corroborate it, I contend that it may not merely of itself change the location and supply as well as give direction and place to lines and corners.

### CASES DISTINGUISHED.

Mercer v. Bate, 4 J. J. Mar., 339; Steele v. Taylor, 3 A. K. Mar., 225; Alexander v. Lively, 5 T. B. Mon., 160; Baxter v. Everett's Lessee, 7 T. B. Mon., 332; Patrick v. Spradlin, 19 Ky. Law Rep., 1038; Simpkins v. Wells, 16 Ky. Law Rep., 113; Cornett v. Dixon, 11 Ky. Law Rep., 315.

### AUTHORITIES.

Trustees of Jefferson Seminary v. Wagnon, 1 A. K. Mar., 234; Woods v. Kennedy, 5 T. B. Mon., 374; Helm v. Small, Hardin, 377; Cockrell v. McQuinn, 4 T. B. Mon., 62; Harris v. Lavin, 6 Ky. Law Rep., 304.

OPINION BY JUDGE BARKER—Reversing.

This controversy arose from a dispute as to the title of land, and depends for adjudication upon the validity of a patent for 400 acres issued to Allen Christian in 1844. In 1850 a patent was issued to the appellee, John W. Lusk, for 800 acres. Both of these grants are in Perry county, Kentucky, and

are situated near each other. The question is, do they lap? If so, the land within the interference belongs to appellant, as the remote vendee of Allen Christian, the patentee of the elder grant. The land involved is uninclosed and unoccupied, and no title by adverse possession was shown by either claimant. The procedure was a bill in equity by appellee to quiet title to his 800 acres. The answer claimed title in appellant to the extent of the interference. The chancellor decreed that the patents did not lap, and that appellee's title to the whole boundary of his patent be quieted, with appropriate restraining orders. From this judgment this appeal is prosecuted.

Appellant admits, and it is obviously true, that, if his patent is sought to be established by the courses and distances of its calls, it runs wild, and can in no way be so closed as to constitute a valid muniment of title; and, if these calls must be adhered to, the judgment of the chancellor must be affirmed. But he insists that certain of the calls are evidently clerical errors, which can be corrected by reference to the plat in the surveyor's certificate, and that when so corrected his patent will be established so as to embrace from 80 to 100 acres of the land within the lines of appellee's 800-acre patent. The calls in the surveyor's certificate are the same as those in the patent, and, therefore, contain the same errors; and, if they are to be corrected, this must be done alone by the plat drawn by the surveyor. The plat presents the following figure, and is drawn to a scale of 100 poles to the inch:

Area 400 acres

On this plat we have numbered the corners 1, 2, 3, 4, 5, 6, 7 and 8; No. 1 being the point of beginning. The following are the calls from the surveyor's certificate: "Beginning at a white oak and two dogwoods on the north of said creek (Bull creek of Kentucky river) thence N. 45 E. 62 poles to a chestnut behind of a survey in the name of said Christian; then with a line of the same S. 55 E. 46 poles to a white oak; S. 15 E. 26 poles to a beech; N. 55 E. 120 to a stake; N. 50 E. 100 poles to a stake; N. 60 E. 500 poles to a stake; thence S. 15 W. 460 poles to the beginning." The first, second, third and fourth calls are not in dispute; nor is there any trouble with 5 and 6, as it is clear there is a corner nearly half way between 4 and 6, which should be No. 5, and we have so marked it on the plat. In other words, the two calls, "N. 55 E. 120," and "N.

Hogg v. Lusk.

50 E. 100," carry from the fourth to the sixth corner on the plat, there being only a variation of 5 degrees in their courses, which is not visible on the line, but the two distances added make 220 poles, which, according to the scale, is the distance from No. 4 to No. 6 on the plat.

In the line from 6 to 7 comes the first difficulty. This call is "N. 60 E. 500 poles," and, if adopted, renders any further attempt to establish the patent under which appellant claims abortive. A reference, however, to the surveyor's plat, shows that, instead of this call being "N. 60 E. 500 poles," it should be "N. 60 W. 500 poles;" there evidently being a mistake in the transcription of the field notes. A second error is found in the line from 7 to 8. This call in the surveyor's certificate and in the patent is "S. 15 W. 460 poles to the beginning." The plat shows this to be error, and that "west" in the call should be "east." But with these corrections the patent does not close, for the want of a line from 8 to 1, the point of beginning. This line appears on the surveyor's plat, and thus establishes a third mistake in the transcription of the field notes.

This brings us to the question of law which is decisive of this case. May we resort to the surveyor's plat, which is a part of the record, to correct the calls both of the certificate and the patent based upon it?

In the case of Alexander v. Lively, 5 T. B. Mon., 159, 17 Am. Dec., 50, there was involved a question almost identical with the one at bar. There both the patent and the certificate described a figure of five lines and angles, while the plat annexed to the certificate of survey represented the figure as one of six lines. The calls in the certificate and patent would not close the figure, and, unless these could be cor-

rected alone by the plat, the effort to establish the patent failed. The court said: "Thus the calls of the patent and certificate alone go far, when all the calls are taken together, to point out what and where the mistake is; that is, that the surveyor omitted an entire line. But we are not left to decide the case here. For when the plat is inspected it exhibits to the eye at once a figure precisely corresponding with the one which we have construed by inserting the third line itself, which was the one omitted. The plat is a necessary part of the surveyor's report required by law, and is, therefore, proper evidence in ascertaining the position of the land and what is included, and must settle the figure in this case, and prove the mistake. * * * We therefore conclude that the plat in this case must be held sufficient, under these circumstances, to supply this omitted course, and to correct the silence or omission of the certificate and patent, and that the court below erred in refusing to supply this omitted line and sustain the patent, and the judgment must be reversed."

In the case of Mercer, &c. v. Bate, &c., 4 J. J. Marsh., 334, on the subject of the value of the plat in the surveyor's certificate to correct errors in the patent, the court said: "The official acts of the surveyor are to be accredited. The court must presume that he did his duty, and that his report is accurate, the more especially as there is nothing which can tend to even a suspicion that there was any mistake or fraud. The original plat is not only admissible as evidence, but it is intrinsically one of the most potent facts which can be adduced, and hence it has often been admitted by the court as always either preponderating or alone conclusive."

In the case of Steele's Heirs v. Taylor, 3 A. K. Marsh., 225, 13 Am. Dec., 151, on the same subject,

it was said: "If the lessors of the plaintiff had a right to resort to the original plat and certificate of survey for the purpose of supplying the defect or omission in the description of the tract contained in the patent, there is no difficulty in the case, and we can perceive no principle which should be violated in permitting them to do so. The survey is matter of record of equal dignity with the patent itself, is referred to by the patent, and is the only source from which the description of the boundaries contained in the patent was originally taken."

In the case of Bruce v. Taylor, 2 J. J. Marsh, 160, the court said: "In this case there is a manifest mistake in the calls of the patent for course and distance. If they must be literally pursued for ascertaining the boundary, much of the land which the patent will be made to include will be covered by the Ohio river, and some of it will be in the State of Ohio. It was not intended to appropriate the river, nor land on the north of it. It was not practicable to do either. Then here is a plain mistake in the patent. How is it to be rectified? There must be some deviations from the calls, and consequently some other line than that which would be described by them must be established. This line is evidently the river. Disregard the calls for course and distance, and no rational mind can doubt that it was the intention of the government, the patentee, and the surveyor to bound the eight thousand two hundred acres on the north by the river. These calls must be disregarded because they are incongruous and false. * * * But in addition to all this, the original survey is exhibited, and shows the river as the northern boundary. This is decisive. The survey is the foundation of the patent. It is of record, and in that respect equal in dignity to the patent. It does not contradict, but only renders fixed

and certain, some of the calls of the patent. The survey may be used to aid in supplying omissions or in correcting mistakes in patents.''

In the case of Patrick v. Spradlin, 42 S. W., 919, 19 Ky. Law Rep., 1038, all of the foregoing cases were reviewed and approved, and the principle of correcting the calls of the patent by the surveyor's certificate upheld.

In the case of Bell county Land & Coal Co. v. Hendrickson, 68 S. W., 842, 24 Ky. Law Rep., 371, the principle is re-affirmed that the original plat of the survey may always be used in evidence to show the position of the land, and is evidence of the most potent kind in determining the original location of the lines and corners.

The case of Zimmerman v. Brooks and Carter County v. Brooks, 118 Ky., —, 80 S. W., 443, 25 Ky. Law Rep., 2284, involving the validity of the act establishing the county of Beckham, and it was insisted that the act was void because the boundaries of the proposed county would not close, and in fact included part of the State of Ohio. The court, through Judge Hobson, said: ''The act must be treated like a patent, and will not be rejected as void because of a mistake in one of the calls if from the whole act what was meant can be reasonably determined. The rule is that the court will inspect the whole act, and, if the actual intention of the Legislature can be thus obtained, the false description will be rejected, or words substituted in the place of those used by mistake, so as to give effect to the law. Thus 'south' may be read for 'north,' or 'east' for 'west,' in a call, where, from the act as a whole, the mistake is apparent, for it is a matter of common knowledge that mistakes of this character are sometimes made in transcribing. (Palms v. Shawano County, 61 Wis., 211, 21 N. W.,

77; Rabun County v. Habersham County, 79 Ga., 248, 5 S. E., 198.) In the latter case the word 'river' in the enrolled bill was read 'ridge,' it being manifestly a clerical error. It is not persumed that the Legislature intended to include in the county part of the State of Ohio. The calls may be reversed, as one line in the survey is of as much dignity as another, and if, on all the facts, a mistake in one of the calls is manifest, the actual intention of the Legislature should not for this reason be disregarded. (Creech v. Johnson, 116 Ky., 441, 76 S. W., 185, 25 Ky. Law Rep., 657.) ''

It must be presumed that the State, the surveyor, and the grantee intended to establish a valid patent, and not to do merely a vain and useless act; and therefore we must conclude that the two erroneous calls and the omitted line, which make the work abortive, should be corrected as shown by the plat, and the patent established. We know that such mistakes are readily made, and easily escape detection when read over. But when we observe the completed figure of the plat, which shows what the surveyor intended to accomplish by his calls, there is no room for mistake. An omitted line is detected by the eye at a glance, and an erroneous direction wholly destroys the figure. By the aid of the plat, we have no difficulty in correcting the manifest error made in transcribing the field notes. The principle is that the intent of the parties must be effectuated, if possible, and the mere mistakes of the officer should not be allowed to frustrate this intention if there is evidence by which they may be corrected. This evidence we have in the surveyor's plat, which plainly points out the errors.

The patent of appellant, when thus corrected, clearly laps the Lusk patent, and to the extent of the

interference the land is the property of appellant. As the judgment of the chancellor is at variance with this conclusion, it is reversed, with directions to dismiss the petition.