## Hall, et al. v. Pratt, et al.

(Decided March 3, 1911.)

### Appeal from Perry Circuit Court.

1. Land—Inducing Another to Buy—Ignorance of Rights—Relative Rights.—Where one in ignorance of his rights induced a third person to buy land, the latter also being ignorant of the true state of facts and relying on the statements and inducements made by the former, will be protected in a subsequent dispute between the two as to whether the land was, in fact, the property of the one inducing the purchase at the time.

2. Call Patents—Absence of Corners—Discrepancy.—If nothing else appears in a "call' patent—that is, one whose corners are all stakes but one, or where the lines were not run out and marked at the time except a discrepancy between the figure made by platting the patent calls and the surveyor's plat, it is not proof of a mistake in the patent. It is apt to be a mistake in the surveyor's plat.

3. Surveyor's Plat—Corners and Distances.—A surveyor's plat is of equal dignity with his other certified work, but not superior. The correct running of a patent, where there is but one visible corner, is to follow the calls, courses and distances, and closing the last line so as to make a complete survey.

4. Quieting Title—Possession of Plaintiff.—In an action to quiet title to land where the evidence shows that the plaintiff was not in the actual possession of the land a judgment dismissing the petition was proper.

5.    Two Innocent Persons—Misrepresentation of One.—The maxim. is where one of two innocent persons must suffer, he alone should suffer who brought about the condition by his misrepresentations.

J. J. C. BACH, W. H. MILLER, CHESTER BACH and GRANNIS BACH for appellants.

E. E. HOGG for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellants, claiming to be the owners and in actual possession of a tract of land containing 2,500 acres patented to Ezekiel Hall about 1844, brought this suit quia timet against appellees.   The latter by separate answers denied appellant's ownership and possession, and asserted title in themselves in their respective tracts described in their answers.   Appellee John Pratt pleaded an estoppel also in that appellant P. W. Hall advised him to purchase the land from another, wrote the deed for the grantor, and as deputy county clerk took and certified to its acknowledgment.   The circuit court dismissed appellant's petition, although the court found as a matter of fact and law that appellant's title papers covered the land in dispute.   The judgment was rested in part upon the estoppel pleaded, and in part upon the statute of limitations relied on by all the defendants.

The matter in dispute was in the main the true location of certain lines, constituting the western boundary of the Ezekiel Hall 2,500 acre patent.   The transcript brought to this court is manifestly incomplete.   Certain patents, deeds and a surveyor's report all shown to have been filed in the court below, are not brought up.   The testimony of the witnesses, however, is here.   This evidence sustains the plea in estoppel, as well as discloses that some portions of the land in dispute were in the actual possession of the defendants when the suit was brought and when it was tried.

The plea of estoppel is questioned on the ground that appellants did not then know where the lines were.   But the maxim is where one of two innocent persons must suffer, he alone should suffer who brought about the condition by his misrepresentation.   For, although appellant in ignorance of his rights induced a third person to buy the land, the latter being also ignorant of the true state of facts, and relying on the statements and inducements made by the former, will be protected in a sub-

sequent dispute between the two as to whether the land was in fact the property of the one inducing the purchase at the time.

The evidence on the plea of limitation is not satisfactory. It is rather vague, and inconclusive. It deals more with opinions of witnesses and hearsay, than with the facts showing the nature , extent, and continuity of defendants' possession. Whether the judgment could be sustained on that issue it is not necessary, however, to decide, as we are satisfied that the judgment was correct for other reasons. The Ezekiel Hall patent had but one natural corner—the others being stakes. Presumably, therefore, the land was not actually run out at the time of the original survey. Nor, for the same reason, was its lines marked at that time. The patent calls seem to enclose a body of land, and on the face of the patent there is nothing to indicate a mistake in it. Nor · is there anything in the evidence to show that there was a mistake made by the surveyor in transcribing the notes of his work and certifying them to the land office; or that the register made a mistake in issuing the patent, giving in it different calls from those certified to him. The theory of there being a mistake is rested upon the fact that the surveyor's certificate, which had a plat of the land attached to it, as required by law, shows a different figure from that made by platting the calls as they appear in the patent. Appellants cite and rely upon certain opinions of this court to the effect that the surveyor's certificate and plat may be looked to to correct an error in the patent calls. (Alexander v. Lively, 21 Ky. Law Rep., 159; Spradling v. Patrick, 19 Rep., 1038; Bell County, &c., Co. v. Hendrickson, 24 Rep., 371; Bruce v. Taylor, 25 Rep., 163; Mercer v. Bates, 27 Rep. 843 and Morgan v. Lewis, 29 Rep., 200.) But it must first appear that the mistake is in the patent as issued. If nothing else appears in a "call" patent—this is, one whose corners are all stakes, or all but one, or whose lines were not run out and marked at the time, except a discrepancy between the figure made by platting the patent calls, and the surveyor's plat, it is not proof of a mistake in the patent. It is as apt to be a mistake in the surveyor's plat. It is not suggested in this case that the calls in the patent and those in the surveyor's certificate are different. The surveyor's plat is of equal dignity with his other certified work, but not superior. The correct run-

ning of the patent in such state of case as we have here,, is to follow its calls, courses, and distances, and closing the last line so as to make a complete boundary. In this view of the case, the eastern boundary of appellant's land (the Ezekiel Hall 2,500 acres) is the one adopted by the court under the plea of limitation as having been fixed by the adverse possession of the appellees.

Further evidencing the correctness of this conclusion in the instant case, is the fact that appellants and the adjacent owners for many years, for twenty or more, have treated that as the true line of that boundary.

For another reason, the judgment should be affirmed. As the evidence disclosed that appellants were not in the actual possession of the territory in dispute, a bill in equity to quiet their title did not lie.

The judgment dismissing the petition must be affirmed.