## Oney v. Lovely, etc.

(Decided January 21, 1913.)

### Appeal from Breathitt Circuit Court.

1. Patents—Error in Calls—Omission of Calls—Correction—Original Plat and Survey.—Manifest errors in the calls of a patent or in the omission of calls may be corrected by resort to the original survey and plat, and where the patent, if its calls are followed, does not close, but does properly close if the direction of two of the calls is changed to conform to the plat, and two additional calls, shown by the survey to have been admitted, are added, such corrections may be made.

2. Patents—Previous Survey and Patent.—A patent covering land previously surveyed and patented is void.

3. Title—Parol Proof Without Objection—Appeal—Objection.—Where parol proof of title is received without objection on the trial, it is too late to raise the question for the first time on appeal.

W. S. HOGG and A. H. PATTON, for appellant.

McGUIRE & McGUIRE, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, C. F. Oney, brought this action against the defendants, Silas Lovely and Apperson Lovely, to recover damages for trespass to, and to enjoin them from further trespassing on, a certain tract of land located in Breathitt County, Kentucky. Defendants denied plaintiff's title and pleaded title in Apperson Lovely. On final hearing, plaintiff's petition was dismissed and defendants were adjudged to be the owners of the land. Plaintiff appeals.

Plaintiff introduced a patent from the Commonwealth of Kentucky, dated June 2, 1909, covering the land in controversy. He also proved certain acts of trespass on the part of the defendants.

Defendants introduced a patent from the Commonwealth of Kentucky to Micajah Howard, dated October 1, 1867. Apperson Lovely testified that Howard sold to Richard Combs. The land was then sold at a commissioner's sale to Wm. M. Combs. Breck Combs obtained title from Wm. M. Combs, and Apperson Lovely obtained title from Breck Combs by title bond.

Plaintiff insists that defendants failed to show that the Howard patent covered the land in controversy. It appears that the sixth call in the patent reads "S. 27 E. 80 poles", and the seventh call reads "S. 27 W. 80 poles." The patent contains only eleven calls, while the original plat and survey shows thirteen calls. If the calls of the original patent be followed, they lead away from the land on Miller's Branch, and the patent will not close. The original plat shows conclusively that the sixth call should be N. 27 E. 80 poles, instead of S. 27 E. 80 poles, and that the seventh call should be N. 27 W. 80 poles, instead of S. 27 W. 80 poles. If these two calls be changed as indicated, and the additional calls shown by the survey and plat be added, the patent, as thus corrected, will properly close, and covers the land in controversy.

In the case of Alexander v. Lively, 5 T. B. Monroe, 159, 17 Am. Dec. 50, both the patent and the certificate

described a figure of five lines and angles, while the plat annexed to the certificate of survey represented the figure as one of six lines. The calls in the certificate and patent would not close the figure, and unless this could be corrected alone by the plat, the patent could not be established. The court said:

"Thus the calls of the patent and certificate alone go far, when all the calls are taken together, to point out what and where the mistake is; that is, that the surveyor omitted an entire line. But we are not left to decide the case here. For when the plat is inspected it exhibits to the eye at once a figure precisely corresponding with the one which we have construed by inserting the third line itself, which was the one omitted. The plat is a necessary part of the surveyor's report required by law, and is, therefore, proper evidence in ascertaining the position of the land and what is included, and must settle the figure in this case, and prove the mistake. * * * We therefore conclude that the plat in this case must be held sufficient, under these circumstances, to supply this omitted course, and to correct the silence or omission of the certificate and patent, and that the court below erred in refusing to supply this omitted line and sustain the patent, and the judgment must be reversed."

In the case of Mercer, &c., v. Bate, &c., 4 J. J. Marsh, 334 the court, in discussing a similar question, said:

"The official acts of the surveyor are to be accredited. The court must presume that he did his duty, and that his report is accurate, the more especially as there is nothing which can tend to even a suspicion that there was any mistake or fraud. The original plat is not only admissible as evidence, but it is intrinsically one of the most potent facts which can be adduced, and hence it has often been admitted by the court as always either preponderating or alone conclusive."

In the case of Steel's Heirs v. Taylor, 3 A. K. Marsh., 225, 13 Am. Dec., 151, the court said:

"If the lessors of the plaintiff had a right to resort to the original plat and certificate of survey for the purpose of supplying the defect or omission in the description of the tract contained in the patent, there is no difficulty in the case, and we can perceive no principle which should be violated in permitting them to do so. The survey is matter of record of equal dignity with the patent itself, is referred to by the patent, and is the only source from

which the description of the boundaries contained in the patent was originally taken.

And in the more recent case of Hogg v. Lusk, 120 Ky., 419, the court, in discussing the same question, said:

"It must be presumed that the State, the surveyor, and the grantee intended to establish a valid patent, and not to do merely a vain and useless act; and therefore we must conclude that the two erroneous calls and the omitted line, which make the work abortive, should be corrected as shown by the plat, and the patent established. We know that such mistakes are readily made, and easily escape detection when read over. But when we observe the completed figure of the plat, which shows what the surveyor intended to accomplish by his calls, there is no room for mistake. An omitted line is detected by the eye at a glance, and an erroneous direction wholly destroys the figure. By the aid of the plat we have no difficulty in correcting the manifest error made in transcribing the field notes. The principle is that the intent of the parties must be effectuated, if possible, and the mere mistakes of the officer should not be allowed to frustrate this intention if there is evidence by which they may be corrected. This evidence we have in the surveyor's plat, which plainly points out the errors."

As under the rule laid down in the above cases, and others which might be cited, a patent manifestly incorrect may be corrected by resort to the original survey and plat, and as the Micajah Howard patent, when so corrected, covers the land in controversy, it follows that defendants showed that plaintiff's patent covers land which had been previously surveyed and patented by the Commonwealth. That being true, plaintiff's patent is void. Conley v. Breathitt Coal, Iron & Lumber Co., 113 S. W., 504; Hamilton v. Steele, 117 S. W., 378.

This is not a case where the party in the actual possession of land may maintain trespass against the one who enters without color of right. No possession by plaintiff is shown. To maintain his case it was necessary for plaintiff to show title deducible from the Commonwealth. The patent under which he holds being void, he failed to to this. Having failed to show title in himself, his petition was properly dismissed, even though defendants failed to show title in Apperson Lovely.

But it is argued that the court erred in adjudging Apperson Lovely to be the owner of the land because,

having testified orally to his derivation of title, without introducing any written evidence thereof, he failed to show a record title from Micajah Howard. As no objection was made on the trial to this irregular method of proving title, it is too late to raise the question for the first time on appeal. Moore v. Kersey, 90 S. W., 1073.

Judgment affirmed.