# Kentucky River Timber & Coal Company v. Morgan.

(Decided June 19, 1925.)

## Appeal from Leslie Circuit Court.

1.  Public Lands—Junior Patent Must Surrender to Senior Overlapping it.—A junior patent, lapping on a senior, must surrender to extent of the lapping.
2.  Public Lands—Patent Located According to Intention of Surveyor.—A patent to lands will be located according to intention of surveyor as nearly as ascertainable from description and accompanying plat.

3. Public Lands—Location of Patent Most Nearly Conforming to Surveyor's Intention Adopted.—Where it was impossible to determine whether course of second call in patent should be read north or south, from figures of surveyor, the interpretation would be adopted which rendered patent in practically same shape as surveyor's plat showed his intention to be, rather than the other, which would result in entirely different shape, including 150 acres more than designated, and not touching on any of creeks mentioned in the field notes.

CLEON K. CALVERT, W. R. MIDDLETON, CLIFFORD B. LONG-LEY and L. D. LEWIS for appellant.

LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, A. B. Morgan, filed this ordinary action in the Leslie circuit court against the appellant and defendant below, Kentucky River Timber & Coal Company, to recover judgment against it for the damage he sustained by unlawfully trespassing upon and cutting and appropriating timber by it from a described tract of land in Leslie county which plaintiff alleged that he owned. The amount of timber so taken was stated to be 250 white oak, poplar and other timber trees, valued by plaintiff at $3.00 per tree, or a total sum of $750.00, for which he prayed judgment. The answer as amended denied the material averments of the petition and alleged that defendant owned the land from which the timber was cut, which was a part of a tract described in the answer and claimed to be owned by defendant. Appropriate pleadings made the issues and after two mistrials before a jury the parties agreed for the court to try the case as a chancellor and without the intervention of a jury, which was done, resulting in a judgment in favor of plaintiff for the sum of $286.50, the court finding that plaintiff was the owner of the land from which defendant cut 191 trees of the value of $1.50 per tree. From that judgment defendant prosecutes this appeal.

It is conceded by counsel for both litigants that the determination of the question depends upon the true location of a patent for 100 acres of land which was surveyed and platted in the name of Elizabeth Jackson on July 24, 1850, followed by the subsequent issue to her of a patent. Defendant shows itself to be the owner of that tract while plaintiff claims title to a tract of land patented to Jeff (or Jesse) Morgan, Sr., on April 17,

1858, and containing 50 acres.   The true location of the latter patent is not in dispute but conceded, and if it laps over on the Elizabeth Jackson patent and from which lap the timber was cut, then the judgment was erroneous and should be reversed.   If, however, the true location of the Elizabeth Jackson patent does not include any land covered by the Morgan patent then the judgment is correct and should be affirmed.

The handwriting, spelling and punctuation of the surveyor of the Elizabeth Jackson patent, as appearing upon the records of the land office at Frankfort, are all crude and very indistinct so as to make it quite difficult to decipher.   However, when done it is agreed that, according to the surveyor's notes, the land lies on the right-hand fork of Hurt's creek on the waters of the middle fork of the Kentucky river and described as "Beginning at a beech and white oak and gum on the north side of said fork; thence N. 69 E. 40 poles to a stake; — 59 east 150 poles to a stake; S. 14 W. 150 poles to a stake; N. 88 W. 220 poles to a stake; N. 71 east 100 poles to the beginning."   The only controversy or dispute concerning the correctness of the foregoing description is as to whether the letter "S" or the letter "N" was intended by the surveyor to occupy the blank space in the description designating the course of the second call, plaintiff contending that the character used by him was intended to be an "N," while defendant says it was meant to be an "S."   It is difficult to determine the fact from an inspection of the record itself, since the character appearing thereon has the shape somewhat of an inverted V turned slightly to the right, and whether it was intended to be the one letter or the other cannot be certainly ascertained from inspection alone.

It will be observed that every call in the description except the beginning is a stake one, there being no monuments called for by any of them, but it is agreed that the beginning corner is marked and correctly located.   It is, therefore, quite evident that the lines were not actually run out on the ground by the surveyor, but his plat recorded with his notes was made by protraction alone. The calls will make a plat of the same general outline and shape as the one made by the surveyor if a change of 90 degrees to the right is made in his meridian line *and* the letter "N" is inserted in the above blank in the second call of the description.   But the plat so made will be turned 90 degrees to the right.   To make a plat, as con-

tended for by defendant, by running the calls as contained in the description and inserting an "S" in the blank space of the above description and thus running around to the beginning of the last call and from thence to the beginning corner, makes a figure entirely different in shape from that of the surveyor's plat and takes in land not lying on any of the streams mentioned in the surveyor's notes and includes the greater part of the Jesse Morgan patent above mentioned and now owned by plaintiff, besides increasing the amount of land 150 acres. The situation is illustrated by the inserted map, the top of which is north.

The letter "A" is the conceded beginning corner of the Jackson patent and the figure ABCDEA represents the plat with its adjustment to the meridian line *as made by the surveyor;* while the figure AFGHIA represents the plat made by the calls in the patent *if* the meridian line is changed so that north would be at the letter "G" and *if* the course in the second call should be made to real "N" instead of "S." The figure AFJKLA represents the location of the Jackson patent as contended for by defendant and which includes the larger portion of the Jeff Morgan patent indicated on the Jackson patent as contended for by defendant, the dots in the northwest corner of which represent the trees that defendant cut and which are involved in this action. As heretofore indicated, if the Jackson patent is to be located as contended for by defendant then the Jeff Morgan patent must surrender to it, since the latter is practically eight years junior to the former, it being the settled law in this jurisdiction that a junior patent lapping on a senior one must surrender to the latter to the extent of the lap. Our task, therefore, is to correctly locate the Jackson patent according to adopted rules prescribed in our former opinions.

The chief one of those rules is to ascertain from the description and the accompanying plat the intention of the surveyor who made them and then to locate the patent according to such ascertained intention. That rule is the one lying at the very foundation of the duty of courts in construing and applying all written documents, since they have no power or authority to make one contrary to the intention of the party or parties who originally executed it. When the expressions of the surveyor, as found in his description, as actually applied to the boundaries of his literal descriptions, will

not close or surround a body of land; or if made to close, pursuant to other adopted rules in certain contingencies, the figure thus made wholly fails to correspond to the shape and contour of the plat made by the surveyor, then it is competent to change the course of some of the calls from north to south, or *vice versa,* provided such change makes the boundaries of the tract close *and* forms a figure corresponding in. shape to the surveyor's plat, which may be done where the calls are staked ones, for if they are natural objects or monuments on the ground then the lines must be run to them regardless of courses or distances, except when to do so would do violence to the actual location of the line as run by the surveyor where the testimony shows that he actually did so, in which case his actually located line should be followed. If the description, as written, will neither close nor de scribe a figure corresponding to the surveyor's plat but will do so by changing one or more calls it then be comes evident that a mistake by some one exists some-where, either made by the surveyor or the recorder of his notes and plat, and it is then not only the right but the duty of the court to make such changes in the course or distance of a call or calls to conform the body of land to the plat made by the surveyor, since *it* is as much a part of his work as is his written description. His plat represents the shape of the body of land in-tended to be surveyed as visioned by him while he was at least on the ground at the location of the beginning corner, although he may not have run around the bound-aries of the tract. Cases from this court applying the above rules are numerous. Indeed, they are all in ac-cord; but the difficulty experienced is in applying them. under the peculiar facts of each particular case, since in many of them other qualifying facts and circumstances appear having a more or less tendency to substantiate or detract from the intention arrived at by applying the above rules. Some of the many cases fortifying what we have thus far said are: Ky. Union Co. v. Shep-herd, 192 Ky. 447; Louisville Property Co. v. Rose, 184 Ky. 221; Albertson v. Chicago Veneer Co., 177 Ky. 285; Oney v. Lovely, 151 Ky. 651; Morgan v. Renfro, 124 Ky. 314; Hogg v. Lusk, 120 Ky. 419; Combs v. Virginia Iron, Coal & Coke Co., 32 Ky. L. R. 601; Sullivan v. Hill, 33 Ky. L. R. 962, and many other earlier ones cited in those opinions.

If the course of the second call in the Jackson patent, involved in this case, should be made to read "north" instead of "south," then the patent will close with approximately the same amount of land inclosed; provided the meridian line as adopted by the surveyor on his plat be turned to the right 90 degrees. The shape of the tract of land will then correspond exactly with the shape of the plat as visioned by the surveyor when he made it. The above cases authorize such a change in the second call so as to arrive at the intention of the surveyor, even if it was indisputably shown to be necessary to make it for that purpose in this case. But it is by no means certain from an inspection of the record and from the proof in the case that the character inserted by the surveyor in his description to indicate the course of the second call was an "S" (indicating south) rather than an "N" (indicating north). We will not stop, however, to determine that contested question of fact but will determine the case upon the hypothesis that such a mistake exists. Supplying then the letter "N" for the letter "S" the description is exactly correct but for the mistake of the surveyor in indicating the cardinal points on his plat; and the question is presented; whether the court is authorized to correct that mistake under the facts and circumstances of this case? That it has such authority we entertain no doubt. In the first place the indication of the cardinal points is not an essential part of the survey or plat; but if otherwise, then the surveyor is just as liable to make a mistake in such indication as he is in designating the course of a particular call. The one could not be of any higher degree than the other and would necessarily be subject to correction when required in order to arrive at the evident intention of the surveyor as the other.

But it is said that under the doctrine announced in the Shepherd case, *supra,* and the prior one of Hall v. Pratt, 142 Ky. 561, the Jackson patent should be located as is contended for by defendant, *i. e.,* by adopting the meridian line made by the surveyor as being correct and making the second call to read "south" instead of "north," and then run the calls from the beginning corner to the beginning of the last one, and from thence straight to the beginning corner, so as to close the patent. The two cases relied on adopted that construction under the confusing facts and circumstances found in each of them, but it was done only after it was found

that to do so would create no greater variance from the defectively manifested intention of the surveyor (including his plat) than would be created by the adoption of other rules to ascertain his intention, and by the adoption of that method the *only* change necessary to be made in the last call was in its distance with none in its course. It was found under the facts of each of those cases that no figure corresponding to the one made by the surveyor's plat could be obtained, howsoever much the courses might be altered, and the only way the description could be made to close without the above uncertain result was to extend the last call *on the course* designated in the description, even though a different figure was made from that represented by the surveyor's plat. Clearly this case is entirely different from either of them. To adopt defendant's contention would locate the Jackson patent practically entirely away from the water courses upon which the surveyor's description locates it. The boundary as so located makes a figure entirely dissimilar to the surveyor's plat and to do so the course of the second call is made to read as defendant contends when that fact is doubtful. In order to adopt that contention the length of the last call is at least doubled and turned to the left more than 42 degrees; and lastly, as thus located the patent contains more than 150 acres in excess of that described in the surveyor's notes.

Under such circumstances we do not interpret the Shepherd and Hall cases as justifying such location, but rather that the controlling rule is to correct the evident mistake of the surveyor in his meridian line, which results in the location of the Jackson patent as described by the figure AFGHIA in the above map, as was done by the court below. When so located it does not include the land from which the trees in controversy were cut but leaves the plaintiff the owner of it under the Jeff Morgan, Sr., patent, and the judgment so holding is affirmed.