## Givens v. United States Trust Co. et al.

(Decided Oct. 18, 1935.)

ISHAM G. LEABOW for appellant.

W. T. DAVIS and J. H. JEFFRIES for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In February, 1934, the appellant, William Givens, filed this suit in equity in the Bell circuit court against

R. T. Turner and the United States Trust Company and at the same time filed two similar suits therein, one (No. 24498) against Tillman Moyers and the United States Trust Company and the other (No. 24496) against Albert H. Lee and the United States Trust Company.

After the defendants in the first-named suit against R. T. Turner and the United States Trust Company had filed their answer and counterclaim, the three named cases were consolidated, heard, and decided together, because they involved the same tract of land and character of alleged trespass thereon, as all the land involved in the suits was owned either by the plaintiff, William Givens, or the defendant United States Trust Company, the other three defendants named with it, Turner, Moyers, and Lee, being merely its lessees and tenants.

The petition in the Turner case, like the other two petitions, alleges that the plaintiff, William Givens, is the owner of the land embraced and held by the Thomas Marsee patent No.66844; that R. T. Turner, as lessee of the defendant trust company, has entered upon a portion of his land without right and mined and removed coal and cut timber therefrom, for which he prays an injunction restraining them against further trespass and for an accounting for the value of the coal and timber removed.

Answer and counterclaim of the defendant Turner and the trust company were filed thereto, and order made providing that the answer and counterclaim filed in the Turner suit should be taken and treated as the answer and counterclaim in the consolidated actions.

By the pleadings the defendants denied appellant's ownership of said land and alleged that the entry and surveys under which the Marsee patent had been secured were spurious and obtained by fraud; further that it, the trust company, was the owner of two tracts of land whose boundaries covered and included all the land embraced in the Marsee boundary, under which plaintiff claimed; and that, when said Thomas Marsee's 50-acre boundary is correctly surveyed and located on the ground, having due regard to the description boundary in the patent and the description in the surveyor's certificate upon which issued and his plat thereof and the law of land surveying, the said boundary of the

patent would not conflict with nor embrace any of plaintiff's said land patent upon which the alleged trespasses complained of in the petition were committed and counterclaimed that plaintiff's claim of title to the land constituted a cloud upon defendant's title thereto, derived from valid patents issued upon later lawful entries and surveys made.

A demurrer was filed to this pleading as a whole and to its paragraphs separately, which was overruled with exceptions.

A reply was then filed to the answer and counterclaim, pleading the former adjudication of this court upholding the validity of the Marsee patent with certain stipulations as to facts, and the cause submitted for judgment.

Judgment was thereupon rendered, denying the relief sought of a cancellation of the Marsee patent by appellee, upon the grounds that none of the trespasses complained of in the three suits were committed upon the boundary of land adjudged to be embraced and held by Givens under the Thomas Marsee 50-acre patent as same was adjudged correctly surveyed and laid down on the ground. By paragraph 2 it was further adjudged that the plaintiff, William Givens, was the owner of the land embraced in the said Marsee 50-acre patent, and adjudged the correct survey and location thereof, according to the courses and distances of the calls of the survey and patent—extending only the ninth call thereof to complete and close the plat.

To paragraphs 2, 3, and 4 of the judgment appellant, Givens, excepted and the appellee excepted to its paragraphs 1 and 5 and so much of paragraph 2 as adjudged Givens to be the owner of any of the land embraced in the Thomas Marsee patent.

It appears that this Thomas Marsee 50-acre patent is the same which was involved in litigation previously here between the parties hereto upon appeal from the Bell circuit court. Our opinion deciding the question there presented may be found in 251 Ky. 587, 65 S. W. (2d) 682. Upon that appeal there was presented only the attack made by the action of the United State Trust Company in the Bell circuit court against Givens upon this Thomas Marsee 50-acre patent, upon the ground that the patent was obtained through fraud, in that

the trust company as plaintiff there claimed the land warrant and survey upon which the patent was issued were both forgeries and the patent void. The trust company was upon this appeal refused the relief it there sought of a cancellation of the patent upon the ground that the patent could not be thus collaterally attacked by the trust company for fraud, but that such suit could only be brought by the commonwealth and hence ordered the trial court to dismiss its petition.

The appellant, having thus been declared the owner of the patent, filed this action for trespass against defendant, wherein it was adjudged by the trial court that the defendants' acts complained of were not committed upon the land embraced in appellant's patent as adjudged surveyed and laid down upon the ground. The appellant is here now challenging the propriety of the court's judgment in thus locating the patent upon the following ground: That this court upon the former appeal, denying the United States Trust Company the right to have the Thomas Marsee patent canceled, adjudicated under the law of the case rule the matters presented by the pleadings in evidence in this case seeking a location and proper boundary description of the Marsee patent, therein adjudged valid and the property of Givens. Appellant contends that the question of appellant's ownership of the total amount of land embraced within the boundary description given in the patent and surveys upon which it was based was conclusively determined and foreclosed by this former adjudication in its holding that as between the appellant, Givens, and the appellee trust company, the patent was valid and gave to Givens the lands embraced therein, under the rule repeatedly declared by this court that:

> "The judgment of the court having jurisdiction of the parties and of the subject matter is conclusive, not only as to all matters determined by it, but as to all incidental matters which might have been properly litigated and decided in the same suit."

We are of the opinion, however, that this contention should not prevail, in that it appears that in the old case the issues presented were solely whether or not the patent could be set aside for the alleged fraud and forgery in procuring the same, which it was held could not be done, whereas the issue here presented in these

suits is whether or not the appellees entered upon land of the appellant as embraced within his patent boundary when same is correctly surveyed and located. No objection was by the former opinion in this case made as to the question of the true locaton of this patent boundary, but only, as stated, that it could not be set aside by the trust company for the fraud alleged employed by Givens and Marsee, under whom he claimed, in securing the patent and to such effect is the stipulation of parties here and part of the record, stating that it is by them agreed and ordered by the court that the true and correct location upon the ground of the Thomas Marsee patent was not put in issue nor adjudicated by the litigation heretofore had between the defendant trust company and the plaintiff, William Givens.

Our conclusion as to this we deem is in no wise in conflict with the rule cited and relied on by appellant in support of his contention that the court's judgment "is conclusive, not only as to matters determined by it, but as to all incidental matters which might have been properly litigated and decided in the same suit," as it appears there was nothing in the old record (involving only the question of the validity of this patent, which was attacked) in the former suit or in the final judgment therein concerning or affecting the question as to what was the true survey or location of said patent boundary, nor was issue made as to it upon which the question could have been there properly litigated.

The next and material question here presented is, What is the correct location on the ground of the lines and corners of the Thomas Marsee 50-acre patent?

This Marsee patent, under which appellant claims, is shown in the record as the Thomas Marsee patent No. 66844, which was issued in May, 1903, on a survey of January 24, 1869, to Thomas Marsee, who shortly thereafter, in June, 1903, conveyed the tract described in the petition to the appellant, William Givens.

This patent having been adjudged valid upon appeal here in a suit by the trust company against Givens, the latter instituted this action, seeking an accounting and judgment against the trust company for acts of trespass committed upon the land claimed by him as embraced within this patent. The parties are in agreement as to the location of the courses and distances

of the first six lines of the patent, extending to the northerly point thereof at the seventh corner. However, the proper location of the intervening connecting lines between the seventh corner and the tenth corner located in the Cole patent is in dispute. However, the calls and location of the further lines of the Marsee survey and patent, closing it, are also agreed upon by the parties.

The calls for the lines in dispute beginning with the seventh corner are:

"Thence S. 30 W. 30 poles to a stake at a line of survey made in the name of David Turner; thence S. 20 E. 80 poles to a stake at a line of the same; thence S. 30 E. 90 poles to a stake at a line of survey made in the name of John Cole."

Appellant contends that in the running of the courses and distances here called for, the seventh line, calling for a course and distance of S. 30 W. 30 poles, should be located and run by extending same beyond the call of 30 poles for a distance of 323 poles, so as to intersect the line of the David Turner patent called for; also that from such point the next call, S. 20 E. 80 poles, should be located across the earlier patent of David Turner, held and occupied by him since before the Civil War and taking more than one-half of the land embraced within his 50-acre patent. From this point, the ninth line, calling for its location and extension of S. 20 E. 80 poles, he would change and extend the bearing and the line to N. 67-15 E. and its distance from 80 poles to 232 poles to reach the tenth corner called for in the fixed line of the Cole patent.

The court refused to adjudge such extension and changes asked for by appellant, but adjudged the proper location of these calls of the patent's courses and distances to be only slightly changed by having them run according to the calls of the patent, with the exception of the ninth line reading S. 30 E. 90 poles, which was changed by extension of the line to read S. 30 E. 203 poles to a stake in the line of the John Cole 50-acre patent.

The court, we are of the opinion, properly adjudged this, in that, by so doing, the plat survey conforms and corresponds in shape and form with the plat of the original survey and patent issued thereon. Also, it

avoids the objection resulting from running the lines as contended for by appellant of a plat utterly dissimilar and radically different in form from that of the original survey and patent. Also, while these lines as run according to appellant's contention would embrace an acreage of some 500 acres or ten times the quantity called for by his patent, it would also take from the lands embraced in the long-established boundary lines of the Turner patent lands but doubtfully embraced within the survey asked by him.

Appellant contends, however, that notwithstanding this, the line should be so run in order to reach the fixed line of the Turney survey called for by this seventh line of the survey.

However, such rule is not always to be given effect where, as here, it would appear based upon a mistaken call made by the surveyor.

In the case of Albertson v. Chicago Veneer Co., 177 Ky. 285, 197 S. W. 831, 835, the court there confronted with a similar contention, when commenting on the rules for ascertaining the boundary of a tract of land as here contended for by appellant, said:

"The foregoing rules, however, have for their prime purpose the ascertainment of the true boundaries of lands, and are not designed to be used for the purpose of imposing boundaries other than the real ones, and the rule that courses and distances must yield to natural objects and established boundary lines, in fixing the boundaries of lands, does not apply, when it is evident that the call for a natural object, or an established boundary line was made, under the mistaken belief that it existed at the point where the surveyor reported it to be, when in fact the natural object and boundary line was not at that point."

Also, in the case of Bryant v. Strunk, 151 Ky. 97, 151 S. W. 381, 383, we said:

"While lines of a patent will be extended in order to reach a designated object, this will not be done where it is evident from all the facts that the surveyor simply made a mistake as to the location of the object; he supposing it to be at one place, when, in fact, it was at another."

We there held that a patent will not be run in order

to reach lines of other surveys called for in the patent, when to do so would give the patent a different shape from that shown by the plat made by the surveyor and on which the patent issued, and when it is shown that the surveyor did not in fact run the lines, and was mistaken as to the location of the surveys referred to. In such a state of case the patent will be located according to the calls of the patent, so far as this may be done without interfering with older surveys. The same principles underlie the opinion of the court in Kentucky River Timber & Coal Co. v. Morgan, 210 Ky. 113, 275 S. W. 12.

It is evident that the surveyor here, in making the call of this seventh line and calling for its terminus in the line of the distant David Turner patent, proceeded under a mistaken belief either as to the distance of such survey or as to its proper location in that his call of 30 poles therefor was less than one-tenth of the distance of 1 mile between the seventh corner of this survey and the terminal line called for as 30 poles distant. This line is not a marked or run line, but was, we are convinced, simply mistakenly protracted by the surveyor.

We are therefore of the opinion that the court correctly refused to allow a location of the lines as insisted upon by appellant and rightly determined the location of the Marsee patent, which excludes, as adjudged, the appellee's lands from its exterior boundary and therefore the acts complained of were not trespasses committed upon the lands of appellant. For such reason, we are of the opinion that the court correctly adjudged the location of the survey according to its true courses and distances called for in the patent with the exception of the ninth line, which it was justified in extending so as to reach the fixed line and a near established corner of the Cole patent. In doing this, the land given appellant under the survey is but 143 acres, an immaterial discrepancy in the amount called for by his patent, as against the larger one of 500 acres as would be embraced in the running of the lines as contended for by him.

All other questions presented herein not discussed and decided are expressly reserved without expression of opinion.

For the reasons indicated, the judgment rendered in the consolidated case is affirmed.