# Speed et al. v. Creech et al.

June 15, 1948.

Cleon K. Calvert for appellants.

John B. Carter for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The principal question involved in this action is the location of the seventh line of the James Miniard patent, No. 21253, in Harlan County. This patent was issued in 1853. The call for the seventh line is "South 77 West 80 poles to a stake." When the patent is surveyed according to the face of the certificate it is necessary to extend the ninth line 38 poles and the tenth line 62.7 poles to make it close. However, if the seventh line should be made to read "North 77 degrees West 80

poles to a stake,'' the patent will close within 40 feet. There was filed with the certificate of survey from which the description of the patent was taken a plat of the survey made by the original surveyor. On this plat the seventh line of the Miniard patent is shown as running ''North 77 degrees West 80 poles to a stake.'' The appellant, plaintiff below, now holds title to the Lockard patent, No. 5138, which adjoins the Miniard patent. He instituted this action charging that the appellees, owners of the Miniard patent, were trespassing upon a part of the Lockard patent and were cutting timber therefrom. The appellant makes no claim to any part of the Miniard patent, nor do the appellees claim any part of the Lockard patent except that strip of land which lies between the ninth line of the Miniard patent when the seventh call is run ''South 77 degrees West 80 poles to a stake'' and when it is run ''North 77 degrees West 80 poles to a stake.'' The surveyor appointed by the trial court followed the plan of the plat, but the court based its judgment upon the plan and calls of the patent; hence this appeal.

It is the contention of appellant that, when it becomes apparent that by following the latitudes and departures as set forth in a certificate of survey and a patent there is a mistake therein, as is obviously true in the case at bar, it is competent to look to the plat made by the original surveyor which was made a part of the certificate to determine whether the plat corrects the mistake, and if it does, to adjudge the lines as defined therein as the true lines laid out by the surveyor. Similar questions have been before this Court on numerous occasions and it is unnecessary, therefore, to enter upon a lengthy discussion of the governing law. As pointed out in the case of Carter v. Elk Coal Company, 173 Ky. 378, 191 S. W. 294, and cases cited therein, when a question such as the one presented herein arises, the original plat is not only admissible as evidence, but, because of its nature and the circumstances under which it was made, it is one of the most potent facts which can be presented, and therefore has often been looked upon by the courts as either preponderating or alone conclusive. It follows from what has been said that the Miniard patent should be located by changing the seventh line of the description to run ''North

77 degrees West 80 poles to a stake" instead of "South 77 degrees West 80 poles to a stake."

We turn now to other questions relating to the claim of the appellees to the strip of land in dispute. It seems quite clear to us from a review of the evidence that the appellees who claim under Walter Miniard and also their predecessors in title always claimed that they were the owners of only the Miniard patent. On the other hand the appellant and his predecessors in title always claimed only the Lockard patent.

It becomes necessary that we discuss briefly an action instituted in 1900 in United States Court for the Eastern District of Kentucky by a predecessor in title of the appellant to quiet title to certain lands embraced in the Lockard patent. Walter Miniard, then the owner of the James Miniard patent, was a party defendant in that suit. In 1906 judgment was entered quieting the title of the complainants wherein it was held that they were the owners of the land embraced in the Lockard patent, but were not the owners of any part of the Miniard patent. In 1912 a predecessor in title of the appellant employed a surveyor by the name of Conley to survey the Lockard patent. Walter Miniard assisted Conley in making the survey. In making the survey Conley ran the lines of the Miniard patent which joined the Lockard patent according to the description of the survey and not that in the original surveyor's plat. There is some dispute as to how line nine of the Miniard patent was marked, but, apparently, parts or all of it were marked by paint or otherwise. It is the contention of the appellees that this was a recognition on the part of the appellants' predecessor in title as to the proper location of line nine of the Miniard patent, and that the appellant is now estopped from asserting that it should be located otherwise.

Walter Miniard lived on the Miniard patent in a house which was located near the first call of that patent. The appellees contend that Walter Miniard and those who hold under him claimed to line nine as located by Conley, but they made no actual entry upon the land in dispute, though it may be that some timber was cut from it from time to time. However, we find no evidence which would warrant the conclusion that an actual

entry was made after the rendition of the judgment in the Federal Court in 1906, or after the survey made by Conley, which would warrant a claim to title in the appellees by virtue of adverse possession. We have noted that the appellees and their predecessors in title were claiming they were the owners of the Miniard patent, and further that the Miniard patent should be located in accordance with the contentions of the appellant. There is nothing to show that Conley's mistake in locating line nine of the Miniard patent in any manner caused claimants of that patent to alter detrimentally their position.

The appellants make the further claim that F. M. Sackett, onetime owner of the Lockard patent, recognized the survey made by Conley when he accepted a deed from Walter Miniard and his wife in 1931, wherein reference was made to the Conley survey. On the other hand, the appellant contends that this deed has no bearing on the controversy before us because the lines referred to in the 1931 deed are not those referred to in Conley's survey. He contends that the lands granted to Mr. Sackett in 1931 by Walter Miniard lay on the north side of the James Miniard patent. We believe the contention of the appellant is well grounded, but, aside from that, we do not think acceptance of a deed by an owner of the Lockard patent subsequent to 1906, wherein reference was made to a line of the James Miniard patent erroneously located by the surveyor Conley, would be binding upon the one accepting the deed because it had already been adjudged by a court of competent jurisdiction that he was the owner of all the Lockard patent.

For the reasons given we think the judgment should be and it is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.