## Republic Steel Corporation v. Wheeler et al.

December 17, 1948.

Hobson & Scott for appellant.

Francis M. Burke, Kenneth A. Howe, and Edgar N. Venters for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Republic Steel Corporation brought this suit

under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., for the purpose of having the court declare the correct location of the lines of the Richard Ratliff 200-acre survey dated January 28, 1852. The appellant, Republic Steel Corporation, and one of the appellees, Mineral Development Company, are the joint owners of the minerals under the land included within the boundary described in a patent issued by the Commonwealth of Kentucky to Richard Ratliff on November 24, 1852. The patent is based on the survey dated January 28, 1852, made by William Cecil, the county surveyor. The land is located in Pike County on what was then known as Little Creek, later known as James Creek and now known as Jimmies Creek, and is described in the survey as follows:

"Beginning at a white oak and Sarvice standing on the side of a Ridge on the left hand side of sd creek Just above and nearly opposite the mouth of the Lick fork thereof Thence S 30 degrees E 64 poles crossing sd creek to two Black oaks and Red oak on Lick point upper corner trees of Parson's Survey thence running up sd point N 69 degrees E 86 poles to two chestnut oaks, ironwood, pine and hickory on top of sd point Thence running up the Ridge on the right hand side of sd creek N 75 degrees E 300 poles to a stake N 20 W 60 poles to a stake thence running down on the left hand side of sd creek S 86 degrees 30' W 227 poles to a stake thence S 59 degrees W 179 poles to the Beginning."

The patent covering this 200-acre survey with the same description was issued to Richard Ratliff, who conveyed the minerals under the land to John Dils on January 30, 1867. This deed and all the subsequent deeds in appellant's chain of title conveyed the minerals by the same description as set out in the survey and patent. Appellant conceived the notion that the third call in the original survey is erroneous and instead of N 75 degrees E 300 poles should read N 57 degrees E 300 poles, because the fourth call of the survey will not cross Jimmies Creek if the third call is followed literally. The fourth call reads "N 20 W 60 poles to a stake running down on the left hand side of sd creek." If the third call is changed in accordance with appellant's contention, it is necessary, in order to close the survey, to change the last call from S 59 degrees W 179 poles, or

2953.50 feet, to S 32 degrees 47' 20" W 3558.50 feet, thus extending the line 605 feet and increasing the number of acres in the survey from 209 to 280. The circuit court adjudged that the Richard Ratliff patent dated November 24, 1852, is correctly located by following the courses as set out in the description in the survey and patent on their magnetic bearing of January 28, 1852. The judgment contains this:

"The Court finds that there is no reasonable basis in the pleadings, evidence and exhibits justifying the Court to change the third and closing calls of said survey and patent as urged by the plaintiff, and that said patent is correctly located in red on the map prepared by J. H. Blair, based on his survey in 1916, and introduced in evidence upon the trial."

Appellant bases its contention that the third course in the survey should be changed from N 75 E to N 57 E on the well settled rule for the establishment of boundary lines of surveys that, generally, courses and distances must yield to natural objects, the natural object in this case being Jimmies Creek. However, there is a well recognized exception to this rule. Where the original surveyor in ignorance of the position or location of an object which he makes the terminus of one of his lines calls for the object under the mistaken belief that it is at one place when, in fact, it is at an entirely different place, the bearings and distances reported by the surveyor will control the lines and the call for the object will be disregarded. Givens v. United States Trust Company, 260 Ky. 762, 86 S. W. 2d 986; Strunk v. Geary, 217 Ky. 113, 288 S. W. 1053; Albertson v. Chicago Veneer Company, 177 Ky. 285, 197 S. W. 831. In the present case it is conceded that the surveyor, William Cecil, located only the first, second and third corners and ran out only the first and second lines, and that the remaining lines were located by protraction. In Bryant v. Strunk, 151 Ky. 97, 151 S. W. 381, 383, it was said:

"It is true the rule is that the calls of a patent for course and distance must give way to known or established objects found on the ground. But, after all, the rules that have been laid down on this subject are for the purpose of establishing the actual location of the lines and corners of the original survey, and they

have little application where the lines were not run out in the original survey, but were simply laid down by the surveyor by protraction as was evidently the case in the patent before us. When the lines were not in fact run, we have little to guide us except the calls of the patent and the plot of the land accompanying the original survey. The plot accompanying the original survey is potent evidence in the determination of the general shape of the tract of land intended to be patented.''

Appellant takes the position in its brief that the surveyor knew the location of Jimmies Creek, and that he must have inadvertently transposed the figures 7 and 5 when he took the bearing at the third corner, and that he entered the bearing in his notes as N 75 E when it should have been N 57 E. Appellant's own expert witnesses, however, say that the surveyor was deceived as to the location of the upper reaches of Jimmies Creek by an abrupt turn to the left in the ridge at a point several hundred feet from the third corner. It was their opinion that the original surveyor entered the bearing N 75 E in the belief that a line run on that bearing would extend up the ridge on the right-hand side of Jimmies Creek. Actually, the line is on the right-hand side of Jimmies Creek, but it crosses the ridge and extends to a point on Road Creek. The line contended for by appellant also crosses the ridge onto the Road Creek side, but returns to the ridge at its terminus. A potent factor in the case is the shape of the plat prepared by the surveyor, William Cecil, and filed with the survey. The shape of the map prepared by appellant's engineer to conform to the courses and distances asserted by it to be correct is entirely different. A change of the boundaries as contended for by appellant would increase the acreage of the Richard Ratliff patent approximately 40 per cent., and would distort the shape and size of the grant as shown on the original map. In Fordson Coal Company v. Napier, 261 Ky. 776, 88 S. W. 2d 985, 987, the court said:

"It is a rule equally well established that mistakes in the calls of a patent may be corrected by referring to the original plat, and, in extending boundaries, attention should be given to the figure of the survey in the absence of any other controlling influence. Combs v. Jones, 244 Ky. 512, 51 S. W. 2d 672. And, where it ap-

pears, as in the present case, that the surveyor did not actually run the survey out on the ground, but located the lines by protraction, the plat made by the surveyor will afford strong evidence of the shape and size of the survey.''

See, also, Bryant v. Strunk, 151 Ky. 97, 151 S. W. 381.

The location of the Richard Ratliff 200-acre patent as fixed by the circuit court was recognized as the correct location by appellant and its predecessors in title, by the owners of the surface, and by all owners of property in the vicinity until its location was questioned for the first time when appellant brought this action in January, 1948.

The appellees rely upon estoppel as an additional ground for sustaining the judgment of the lower court, but we deem it unnecessary to consider that ground in view of our conclusion that the proof and exhibits do not authorize a change of the courses and distances found in the original survey.

The judgment is affirmed.