**KENTUCKY RIVER COAL CORP. et al. v. NAPIER et al.**

Court of Appeals of Kentucky.

Feb. 29, 1952.

C. D. Carpenter, Bruce Stephens, Jr., Hazard, Stephen Combs, Jr. and Harry L. Moore, Whitesburg, for appellants.

Napier & Napier, Hazard, W. H. Lewis, Whitesburg, for appellees.

CLAY, Commissioner.

This is an action to recover damages for trespass and the removal of coal from land allegedly owned by the plaintiffs, and for an injunction to prevent further interference by the defendants. The Chancellor found for the plaintiffs.

On this appeal many issues are raised, but the controlling question seems to be whether or not the plaintiffs were the owners of the land in controversy because of its inclusion in the boundaries of what is known as the "Sumpter Patent." Assuming plaintiffs own the land embraced by that instrument, the problem is whether or not its northwestern boundary includes the property upon which the coal was mined.

The location of the land covered by this patent has heretofore been fixed in a judgment of the U. S. District Court for the Eastern District of Kentucky. The present defendants, however, were not parties to that suit and are not bound thereby. The principal contentions made on this appeal by defendants are: (1) this former judgment incorrectly established the boundary lines of the patent; (2) some of the calls in the patent have been shown and admitted to be incorrect; and (3) following the description shown on the plat from which the patent was made, the northwest boundary of the Sumpter Patent is south of the land in controversy.

The beginning point of the description is not in dispute. The parties agree that the first call of the patent recited as "N 28 E" should be "N 28 W." They likewise agree that a subsequent call "N 70 W 20 poles" was omitted from the patent description. Defendants insist that the third call in the patent description appearing as "S 53 W" should be "S 35 W," a transposition of figures. This correction was not made in the Federal Court judgment, but the District Judge, and the Chancellor trying this case, added another call preceding it of "S 53 E."

It is shown by the uncontradicted evidence of a qualified surveyor for the defendants that, in order for the adjudged description to close, the boundary lines of the patent had to be changed by lengthening one and shortening another. Also, the adjudged description encompasses a tract of 72 acres; whereas, the original patent described the tract as containing 50 acres.

Because of the apparent and possible errors in the patent description, the defendants' surveyor resorted to the plat of the original survey. He found that the call "S 53 W" in the patent appeared as "S 35 W" on the plat. By making this change on his survey, the following appears: (1) the physical shape of the tract is identical with that of the small map shown on the patent; (2) the area covered is approximately 51 acres; and (3) the number of calls are the same as these appearing in the patent (with the addition of the omitted call "N 70 W 20 poles").

■ It has long been recognized in this jurisdiction that the original plat constituting the basis of a patent is competent evidence to explain an apparent mistake or discrepancy in the patent. As a matter of fact, it has been held that such plat is "either preponderating or alone conclusive." Hardaway v. Webb, 172 Ky. 589, 190 S.W. 1071, 1073. See also Bell County Land & Coal Co. v. Hendrickson, 68 S.W. 842, 24 Ky.Law Rep. 371; Hogg v. Lusk, 120 Ky. 419, 86 S.W. 1128, 27 Ky.Law Rep. 840; Lewis, Wilson & Hicks v. Durham, 144 Ky. 704, 139 S.W. 952; Smith v. Slusher, 291 Ky. 600, 165 S.W.2d 38; and Speed v. Creech, 307 Ky. 765, 212 S.W.2d 265.

■ By following the calls in the original plat we find the true boundaries of the tract are as contended by the defendants. The only evidence to the contrary is the description in the Federal Court judgment, as given to us in the brief. From an examination of the testimony of engineers who appeared in that case, it seems they had agreed the change in the third call of the patent should be made. Even if this was not so, we believe the controversy in the Federal case involved principally the overlap of a prior patent, which is not the question here presented. For these reasons the Federal Court judgment cannot be considered as controlling in view of the overwhelming evidence establishing a different description and location. We therefore conclude the judgment entered by the Chancellor was erroneous in determining that the northwestern boundary of the patent included the land in controversy, and that it was owned by the plaintiffs.

Such conclusion makes it unnecessary for us to determine whether or not defendants proved their title to part of the tract encompassed by the Sumpter Patent. Nor is it necessary to decide whether or not the damages awarded the plaintiffs were excessive; or whether or not, on plaintiffs' cross-appeal, the measure of damages adopted by the Chancellor was improper. The judgment, insofar as it awarded damages against any defendants, was erroneous.

With respect to the intervening petitioner, H. L. Crawford, she claims a 2/6th interest in the coal and minerals underlying the Sumpter Tract, and by cross-petition requested her proper share of damages against the other defendants. In view of our conclusion with respect to the rights of the plaintiffs, her claim for damages falls with theirs. The Chancellor in effect decided that she did not own an interest in that portion of the Sumpter land from which the coal in controversy was mined and removed. The judgment was correct in adjudging she had no claim against her co-defendants, and the intervening petition was properly dismissed insofar as this question was concerned. We do not believe the Chancellor undertook to decide this party's interest in other property claimed by the plaintiffs, and therefore we do not pass upon that question.

Defendant Kentucky River Coal Corporation in its brief discusses its own title, apparently anticipating that the Chancellor's judgment with respect to the proper location of the Sumpter Tract might be upheld. In view of our conclusion with respect to the location of this land, we do not attempt to adjudicate its title.

The judgment is reversed for consistent proceedings.